


January 15, 2019

Firefighters' and Police Officers'
Civil Service Commission
City of Fort Worth
1000 Throckmorton Street
Fort Worth, Texas 76102

To the Honorable Commission:

Pursuant to Section 143.052 (g) of the Texas Local Government Code, and in accordance with the City of Fort Worth Firefighters' and Police Officers' Civil Service Rules and Regulations, and the authority contained therein to the head of the Police Department to effectuate disciplinary action, I have offered Officer Scott Smith #3758 a ninety (90) calendar day suspension without pay or right to appeal in lieu of an indefinite suspension. A copy of such offer is attached hereto. If Officer Scott Smith #3758 refuses the ninety (90) calendar day suspension without the right to appeal or fails to respond within five working days, he is indefinitely suspended effective January 16, 2019. The basis for this suspension is my conclusion that a violation of civil service rules has been committed, as contained in the City of Fort Worth Firefighters' and Police Officers' Civil Service Rules and Regulations, Chapter Thirteen, 13.004 which states in part:

CAUSES FOR REMOVAL OR SUSPENSION

13.004

> The tenure of every civil service employee shall only be during good behavior, and any such employee may be suspended or indefinitely suspended from the civil service for any actions or omission involving one or more of the following grounds:
>
> 4.  Neglect of Duty.
>
> 6.  Acts showing a lack of good moral character.
>
> 8.  Conduct prejudicial to good order
>
> 12. Violation of an applicable Fire or Police Department rule, directive, general or special order.

The conduct of Officer Smith that displays actions and/or omissions of the above-listed causes for removal or suspension are as follows:

1

Appx 2

On July 26, 2018, Officer Scott Smith #3758 was dispatched to a prowler call at 3304 Griggs Avenue. The details of the call stated that an individual, possibly armed with a gun, was attempting to gain entry into the residence. When Officer Smith arrived at the call location, he located Christopher Lowe in front of a white SUV at the front of the residence. Mr. Lowe was holding some type of metal pipe and was using it to hit the burglar bars of the window to the residence. When Officers M. Miller #4520 and C. Golden #4372 arrived on scene to assist Officer Smith, Mr. Lowe threw the metal pipe away. All three officers moved in toward Mr. Lowe and Officer Miller pulled Mr. Lowe away from the white SUV. Officer Smith gave Mr. Lowe verbal commands to roll over onto his stomach and to put his hands behind his back. At that time, Mr. Lowe stated that he was sick. Mr. Lowe was cooperative and stated: "Yes sir" to the officer's verbal commands. Mr. Lowe was placed in handcuffs and told to stand up. Mr. Lowe told the officers that he was not able to stand. Officer Smith told Mr. Lowe, "Yes you can," and Officers Miller and Golden grabbed Mr. Lowe by his arms and pulled him to his feet.

Mr. Lowe was escorted to a patrol vehicle by Officer Miller who was on his right side holding his right arm, and Officer Golden who was on his left side, holding his left arm while Officer Smith followed. Officer Smith told Officers Miller and Golden that Mr. Lowe's eyes were "bugged out." During the escort, it was apparent that Mr. Lowe was having difficulty walking and he collapsed multiple times while telling officers that he was having trouble breathing. Officer Smith told Mr. Lowe: "If you had all this energy to fight and hit the windows, you can walk." At one point, Mr. Lowe stated to the officers, including Officer Smith, that he was sick and he was dying. Mr. Lowe was then placed in the back of a patrol vehicle by Officers Golden and Officer Pritzker #4383; Officer Pritzker had just arrived at the scene. Officer Smith then briefed every officer at the scene about Mr. Lowe's behavior, symptoms, and that he complained of his inability to walk and breathe.

Officer Smith failed to call an ambulance for Mr. Lowe so he could be medically evaluated after Mr. Lowe told him multiple times that he was sick and could not breathe. Officers have a duty to protect the rights of any person held in custody; a person requesting medical assistance or reporting medical distress should certainly receive assistance, especially from a first responder.

Approximately 13 minutes after being placed inside the patrol vehicle, Officer A. Scharf #4415 found Mr. Lowe unresponsive and not breathing. Several officers then pulled Mr. Lowe from the patrol vehicle and began CPR. At that time, Medstar was notified and Mr. Lowe was subsequently transported to John Peter Smith Hospital where he was pronounced deceased at 2247 hours. Tarrant County Deputy Medical Examiner Tasha Greenberg, M.D. determined Mr. Lowe's cause of death was "Acute Cocaine Intoxication" & "Recent Methamphetamine Use." Mr. Lowe's manner of death was ruled an accident.

These actions constitute violations of the following:

**FORT WORTH POLICE DEPARTMENT GENERAL ORDERS/CODE OF CONDUCT**

**703.00  PROFESSIONAL CONDUCT**
   Y. All officers shall protect the rights of any person held in custody.


**703.00  PROFESSIONAL CONDUCT**
   B. Neglect of duty on the part of any employee is cause for disciplinary action. The offender shall be disciplined according to the severity of the violation, the commensurate responsibility or accountability of their rank or position, the results brought about by the action or inaction, and the effect it has upon the discipline, good order, and best interest of the department. Neglect of duty includes, but is not limited to, the following:
      2. Failure to observe and give effect to the federal, state, and local statutes and the policies and procedures of the department.


**703.00  PROFESSIONAL CONDUCT**
   I. Officers shall, at all times, respond to the lawful orders of supervisors and other proper authorities as well as requests for police assistance from citizens.


**329.01  POLICE ACTION ON THE SCENE**
   C. Whenever a person suspected of being armed is in a public place, officers should approach the person with due caution and ask them to exit the premises with the officer. If there is a reasonable suspicion to believe an offense has or is being committed or if the officer has an articulable concern for safety, the officer should quickly frisk the person for a gun.


Officer Scott Smith #3758, commissioned as a Fort Worth Police Officer on August 1, 2008, has exhibited a blatant disregard for the policies and procedures of the Fort Worth Police Department.

The facts as stated above convince me the above-cited sections of the Firefighters' and Police Officers' Civil Service Rules and Regulations of the City of Fort Worth, and the Fort Worth Police Department General Orders/Code of Conduct, were in fact violated by Officer Scott Smith #3758. The facts and allegations that gave rise to this disciplinary action were discussed with Officer Smith, at which time he was given the opportunity to respond to the allegations prior to making a final determination.

Based upon Officer Smith's violations of the Firefighters' and Police Officers' Civil Service Rules and Regulations of the City of Fort Worth, General Orders and the Code of Conduct, it is

my belief he has failed to maintain the high standards expected of a Fort Worth Police Officer. Therefore, I indefinitely suspend Officer Scott Smith #3758, effective January 16, 2019, unless, within five working days, Officer Smith accepts the offer of a 90-day suspension without pay and no right to appeal

A copy of the order of suspension that informs Officer Scott Smith #3758 of the appeal options available under Chapter 143 of the Texas Local Government Code is attached to this letter, and, by this reference, incorporated herein for all purposes.

Respectfully submitted,

*[signature]*                                                                01-15-2019
Edwin Kraus                                                                  Date
Acting Chief of Police